**MOBILE MARINE LIMITED, DAVID BELL, and PETER BRENTON, Plaintiffs**

**v.**

**NINNA MARIANNE, its fish, cargo, freight, equipment, engines, masts, boats, anchors, cables, chains, rigging, its engines, furniture and all other necessaries appertaining to the vessel, Defendant in Rem, and ARNE BJORCK and ROSE MARIE BJORCK, Defendants in Personam**

High Court of American Samoa
Trial Division

CA No. 29-95

April 25, 1995

Before RICHMOND, Associate Justice, VAIVAO, Associate Judge, and LOGOAI, Associate Judge.

Counsel:      For Plaintiffs, Brian M. Thompson
              For Defendants, Togiola T.A. Tulafono

Order Preliminary to Releasing Vessel:

## BACKGROUND

This order concerns plaintiffs' motion to remove Abjorn Bjorck from the vessel Ninna Marianne ("vessel"), where he is captain. Plaintiffs allege partial ownership of the vessel and the right to share in profits earned through its use, and claim that Arne and Rose Marie Bjorck ("defendants") failed to communicate with plaintiffs while the vessel was at sea, intended to sell fish cargo for cash to deprive plaintiffs of the proceeds, and intended to take the vessel to their native Sweden rather than returning it to New Zealand. On March 7, 1995, a warrant was issued for the arrest of the vessel. On April 12, 1995, a hearing was held on plaintiffs' motion

1

with defendants and counsel for both parties present.

## DISCUSSION

■ Both parties agreed at the hearing that New Zealand is the preferred forum to try title to the vessel. Plaintiffs' reason for arresting the vessel in American Samoa was to guarantee its safe return to New Zealand, and to prevent defendants from retaining the proceeds earned by the sale of fish cargo. According to T.C.R.C.P. Supp. Rule D, this is an appropriate reason to arrest a vessel:

> . . . in all actions by one or more part owners against the others *to obtain security for the return of the vessel* from any voyage undertaken without their consent, or by one or more part owners against the others to obtain possession of the vessel for any voyage on giving security for its safe return, the proceeds shall be by a warrant of arrest of the vessel, cargo, or other property . . . (emphasis added).

■ The object of this preliminary order is to assist the parties in obtaining security for the safe return of the vessel to New Zealand where the ship is registered. Security may be effectuated by a bond, provided by the party designated to possess the vessel after its release, to be held by the court pursuant to T.C.R.C.P. Supp. Rule E(5)(a):

> . . . whenever process of maritime attachment and garnishment or process in rem is issued the execution of such process shall be stayed, or the *property released, on giving security*, to be approved by the court or clerk, or by stipulation of the parties, conditioned to answer the judgment of the court or of the appellate division. The parties may stipulate the amount and nature of such security. In the event of the inability or refusal of the parties to so stipulate the court shall fix the principal sum of the bond . . . (emphasis added).

Accordingly, the parties have seven days from the entry of this order to stipulate who shall have care and custody of the vessel during its return to New Zealand, and what bond the custodial party shall post. This bond shall be for the purpose of securing the interest of the non-custodial party. Such stipulation shall be filed with the clerk and accompanied by a proposed order to release the vessel. If they do not provide such stipulation and proposed order within the seven-day period, this court will fix the sum of the bond as permitted by the foregoing rule, and will

2

adjudicate which party shall have custody of the vessel on its return to New Zealand. If the parties agree that the plaintiffs are to take possession of the vessel for the voyage to New Zealand, this court will require that plaintiffs provide a licensed captain for the voyage. The vessel shall remain arrested until we enter an order releasing it.

It is so ordered.